LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.R. and L.M., by and through their guardian *ad litem* Janely Masvidal, in each case individually and as a successor-in-interest to Vinson Ramos, deceased,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF BELL and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.  2:17-cv-05491<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)<br>2.  Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>3.  Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)<br>4.  Substantive Due Process (42 U.S.C. § 1983)<br>5.  Municipal Liability—Ratification (42 U.S.C. § 1983)<br>6.  Municipal Liability—Inadequate Training (42 U.S.C. § 1983)<br>7.  Municipal Liability— Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>8.  False Arrest/False Imprisonment<br>9.  Battery (Wrongful Death)<br>10. Negligence (Wrongful Death)<br>11. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

COME NOW, Plaintiffs V.R. and L.M, by and through their guardian *ad litem* Janely Masvidal, in each case individually and as a successor-in-interest to Vinson Ramos, deceased, for their Complaint against Defendants City of Bell and Does 1-10, inclusive, and allege as follows:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**INTRODUCTION**

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiff V.R.'s biological father and Plaintiff L.M.'s putative father, Vinson Ramos ("DECEDENT"), on July 7, 2016.

**PARTIES**

4.      At all relevant times, Decedent Vinson Ramos was an individual residing in the City of Bell, California.

COMPLAINT FOR DAMAGES

5.      Plaintiff V.R., a minor, is an individual residing in the City of Bell, California and is the natural son of DECEDENT.  V.R. sues both in his individual capacity as the biological son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  V.R. seeks both survival and wrongful death damages under federal and state law.

6.      Plaintiff L.M. is an individual residing in the City of Bell, California and is the putative son of DECEDENT.  L.M. sues both in his individual capacity as the putative son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60(c). L.M., a minor, resided in DECEDENT's household for the 180 days prior to DECEDENT's death and was dependent on DECEDENT for one-half or more of his support.  L.M. seeks both survival and wrongful death damages under federal and state law.

7.      At all relevant times, Defendant CITY OF BELL ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Bell Police Department and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the City of Bell Police Department and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants DOES 1-10.

8.      Defendants DOES 1-5 ("DOE OFFICERS") are officers for the City of Bell Police Department.  DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the City of Bell Police Department.

COMPLAINT FOR DAMAGES

DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

9. Defendants DOES 6-8 are supervisory officers for the City of Bell Police Department who were acting under color of law within the course and scope of their duties as officers for the City of Bell Police Department. DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant CITY.

10. Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the City of Bell Police Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the City of Bell Police Department. DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

11. On information and belief, DOES 1-10 were residents of the City of Bell.

12. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendants CITY and DOES 6-10.

13. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

14. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

COMPLAINT FOR DAMAGES

15.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

16.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

17.     DOES 1-10 are sued in their individual capacity.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 17 of this Complaint with the same force and effect as if fully set forth herein.

19.     On July 7, 2016, at approximately 8:20 a.m., DECEDENT and Ms. Masvidal (DECEDENT's girlfriend and Plaintiffs' mother) got into a verbal argument outside of a Jack in the Box restaurant.  DECEDENT and Ms. Masvidal then walked to a nearby 7-Eleven store, where they continued to argue.  According to Ms. Masvidal, DECEDENT was not physically aggressive or assaultive toward her.  Defendants DOE OFFICERS arrived on scene outside the 7-Eleven in response to a call for service reporting a possible domestic violence situation.  DECEDENT had a small utility knife or box cutter, which he used for work, in his possession.  According to Ms. Masvidal, DECEDENT was not threatening anyone with the utility knife.  Defendants DOE OFFICERS ordered DECEDENT to drop the knife, and he did not comply.  According to witnesses, DECEDENT was pacing back and forth.  When DECEDENT did not comply, an officer-involved shooting occurred.

-4-

COMPLAINT FOR DAMAGES

1       20.    The use of deadly force against DECEDENT was excessive and

2   objectively unreasonable under the circumstances, because DECEDENT did not

3   pose an immediate threat of death or serious bodily injury to anyone at the time of

4   the shooting.

5       21.    Upon information and belief, after being shot, DECEDENT was

6   immobile, bleeding profusely, and in obvious and critical need of emergency

7   medical care and treatment.  Defendants did not timely summon medical care or

8   permit medical personnel to treat DECEDENT.  The delay of medical care to

9   DECEDENT caused DECEDENT extreme physical and emotional pain and

10  suffering, and was a contributing cause of DECEDENT's serious injuries.

11      22.    Plaintiffs were dependent on DECEDENT, to some extent, for the

12  necessities of life.

13      23.    Plaintiff V.R. is DECEDENT's successor-in-interest as defined in

14  Section 377.11 of the California Code of Civil Procedure and succeeds to

15  DECEDENT's interest in this action as the biological son of DECEDENT.  Plaintiff

16  V.R. timely submitted a tort claim.

17      24.    Plaintiff L.M. is DECEDENT's successor-in-interest pursuant to

18  California Code of Civil Procedure § 377.60(c).  L.M., a minor, resided in

19  DECEDENT's household for the 180 days prior to DECEDENT's death and was

20  dependent on DECEDENT for one-half or more of his support.  Plaintiff L.M.

21  timely filed an application to submit a late tort claim.

22

23  **<u>FIRST CLAIM FOR RELIEF</u>**

24  **Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

25  (Against Defendants DOE OFFICERS)

26      25.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

27  through 24 of this Complaint with the same force and effect as if fully set forth

28  herein.

26.     Defendants DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

27.     When Defendants DOE OFFICERS pointed their firearms at DECEDENT, shot DECEDENT, and placed him in handcuffs, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28.     The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

29.     As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

30.     Plaintiffs bring this claim in each case individually and as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(Against Defendants DOE OFFICERS)

31.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as if fully set forth herein.

32.     Defendants DOE OFFICERS used excessive force against DECEDENT when they shot him. Defendants DOE OFFICERS' unjustified shooting deprived DECEDENT of his right to be secure in his person against

unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

34.     The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

35.     The shooting was excessive and unreasonable, and DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting. Further, Defendants DOE OFFICERS' shooting and use of force violated their training and standard police officer training.

36.     Plaintiffs bring this claim in each case individually and as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorneys' fees.

**THIRD CLAIM FOR RELIEF**

**Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERS)

37.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38.     The denial of medical care by Defendants DOE OFFICERS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

-7-

39.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

40.     Defendants DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

41.     The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

42.     As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

43.     Plaintiffs bring this claim in each case individually and as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(Against Defendants DOE OFFICERS)

44.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45.     Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock

1  the conscience, including but not limited to unwarranted state interference in
2  Plaintiffs' familial relationship with their father, DECEDENT.

3      46.    The aforementioned actions of DOE OFFICERS, along with other
4  undiscovered conduct, shock the conscience, in that they acted with deliberate
5  indifference to the constitutional rights of DECEDENT and Plaintiffs, and with
6  purpose to harm unrelated to any legitimate law enforcement objective.

7      47.    As a direct and proximate result of these actions, DECEDENT
8  experienced pain and suffering and eventually died.  DOE OFFICERS thus violated
9  the substantive due process rights of Plaintiffs to be free from unwarranted
10  interference with their familial relationship with DECEDENT.

11      48.    As a direct and proximate cause of the acts of DOE OFFICERS,
12  Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also
13  been deprived of the life-long love, companionship, comfort, support, society, care,
14  and sustenance of DECEDENT, and will continue to be so deprived for the
15  remainder of their natural lives.

16      49.    The conduct of DOE OFFICERS was willful, wanton, malicious, and
17  done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs
18  and therefore warrants the imposition of exemplary and punitive damages as to
19  Defendants DOE OFFICERS.

20      50.    Plaintiffs bring this claim in each case individually and as a successor-
21  in-interest to the DECEDENT, and seek both survival and wrongful death damages.
22  Plaintiffs also seek attorneys' fees.

23
24
25
26                              //
27
28

-9-

# FIFTH CLAIM FOR RELIEF

## Municipal Liability – Ratification (42 U.S.C. § 1983)

(Against CITY and DOES 6-10)

51.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.

52.     Defendants DOE OFFICERS acted under color of law.

53.     The acts of Defendants DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

54.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE OFFICERS, ratified Defendants DOE OFFICERS' acts and the bases for those acts. Upon information and belief, the final policymaker knew of and specifically approved of DOE OFFICERS' acts.

55.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants DOE OFFICERS were "within policy."

56.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

57.     Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983 on this claim.

58.     Plaintiffs bring this claim in each case individually and as a successor-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim.  Plaintiffs also seek attorney's fees under this claim.

# SIXTH CLAIM FOR RELIEF

## Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against CITY and DOES 6-10)

59. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

60. Defendants DOE OFFICERS acted under color of law.

61. The acts of Defendants DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

62. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

63. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

64. The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants DOE OFFICERS; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

65. On information and belief, CITY failed to train DOE OFFICERS properly and adequately.

66. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

67. Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983 for this claim.

68.   Plaintiffs bring this claim in each case individually and as a successor-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim.  Plaintiffs also seek attorney fees under this claim.

## SEVENTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(Against CITY and DOES 6-10)

69.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70.   Defendants DOE OFFICERS acted under color of law.

71.   Defendants DOE OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

72.   On information and belief, Defendants DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

73.   Defendants CITY and DOE OFFICERS, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)   Using excessive force, including excessive deadly force;

(b)   Providing inadequate training regarding the use of deadly force;

(c)   Employing and retaining as police officers individuals such as Defendants DOE OFFICERS, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)   Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including

-12-

Defendants DOE OFFICERS, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, Defendants DOE OFFICERS;

(f) Failing to adequately discipline CITY police officers, including Defendants DOE OFFICERS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(j)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of civilians.

74.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

75.    Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

76.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

77.    Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983 for this claim.

78.     Plaintiffs bring this claim in each case individually and as a successor-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek attorneys' fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(Against Defendants CITY and DOE OFFICERS)

79.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 78 of this Complaint with the same force and effect as if fully set forth herein.

80.     Defendants DOE OFFICERS, while working as officers for the CITY and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

81.     DECEDENT did not knowingly or voluntarily consent.

82.     Defendants DOE OFFICERS detained DECEDENT for an appreciable amount of time.

83.     The conduct of DOE OFFICERS was a substantial factor in causing the harm to DECEDENT.

84.     Defendant CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

85.     The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

COMPLAINT FOR DAMAGES

86.     As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

87.     Plaintiffs bring this claim in each case individually and as a successor-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek attorneys' fees under this claim.

## NINTH CLAIM FOR RELIEF

### Battery

(Wrongful Death)

(Against Defendants CITY and DOE OFFICERS)

88.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 87 of this Complaint with the same force and effect as if fully set forth herein.

89.     DOE OFFICERS, while working as officers for the City of Bell Police Department, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him.  As a result of the actions of DOE OFFICERS, DECEDENT suffered severe pain and suffering and ultimately died from his injuries.  DOE OFFICERS had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and nonprivileged use of force.

90.     As a direct and proximate result of the conduct of DOE OFFICERS as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity.  As a direct and proximate result of the conduct of DOE OFFICERS as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

91.     CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

92.     The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, in each case individually and as a successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

93.     Plaintiffs bring this claim in each case individually and as a successor-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim.  Plaintiffs also seek attonrey's fees under this claim.

## TENTH CLAIM FOR RELIEF

### Negligence

(Wrongful Death)

(Against all Defendants)

94.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 93 of this Complaint with the same force and effect as if fully set forth herein.

95.     Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

96.      Defendants DOES 1-10 breached this duty of care.  Upon information and belief, the actions and inactions of Defendants DOES 1-10 were negligent and reckless, including but not limited to:

-17-

(a)   the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b)   the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c)   the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d)   the failure to provide prompt medical care to DECEDENT;

(e)   the failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS;

(f)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)   the negligent handling of evidence and witnesses; and

(h)   the negligent communication of information during the incident.

97.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

98.   CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

1    99.    Plaintiffs bring this claim in each case individually and as a successor-

2  in-interest to DECEDENT, and seek wrongful death and survival damages under

3  this claim.  Plaintiffs also seek attorney's fees under this claim.

4

5              **ELEVENTH CLAIM FOR RELIEF**

6              **(Violation of Cal. Civil Code § 52.1)**

7              (Against Defendants CITY and DOE OFFICERS)

8    100.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

9  through 99 of this Complaint with the same force and effect as if fully set forth

10  herein.

11    101.   California Civil Code, Section 52.1 (the Bane Act), prohibits any

12  person from using violent acts or threatening to commit violent acts in retaliation

13  against another person for exercising that person's constitutional rights. The

14  California Civil Code, Section 52.1(b) authorizes a private right of action for

15  damages to any person whose constitutional rights are violated.  Moreover, "a

16  successful claim for excessive force under the Fourth Amendment provides the basis

17  for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d

18  1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th

19  Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same

20  as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal. App. 4th 968, 976 (2013) ("an

21  unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive

22  force—is [] within the protection of the Bane Act").

23    102.   On information and belief, Defendants DOE OFFICERS, inclusive,

24  while working for the CITY and acting within the course and scope of their duties,

25  intentionally committed and attempted to commit acts of violence against

26  DECEDENT, including by shooting him without justification or excuse, by

27  integrally participating and failing to intervene in the above violence, and by

28  denying him necessary medical care.

103.   When Defendants shot DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

104.   As alleged above, DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested DECEDENT without probable cause. Also as alleged above, DOE OFFICERS unjustly shot DECEDENT at a time he posed no threat of death or serious bodily injury. Furthermore, DOE OFFICERS coerced, intimidated, and threatened DECEDENT. It was not necessary to shoot DECEDENT in order to take DECEDENT into custody.

105.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

106.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants DOE OFFICERS were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

107.    Defendants successfully interfered with the above civil rights of DECEDENT and Plaintiffs.

108.   The conduct of Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

109.   CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

110.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

111.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

112.   Plaintiffs bring this claim in each case individually and as a successor-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim.  Plaintiffs also seek attonrey's fees under this claim.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs V.R. and L.M., by and through their guardian ad litem Janely Masvidal, request entry of judgment in their favor and against Defendants City of Bell and Does 1-10, inclusive, as follows:

        A.    For compensatory damages in whatever amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

        B.    For funeral and burial expenses, and loss of financial support;

        C.    For punitive damages against the individual defendants in an amount to be proven at trial;

        D.    For statutory damages;

        E.    For interest;

        F.    For reasonable attorneys' fees, including litigation expenses;

        G.    For costs of suit; and

        H.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  July 25, 2017          LAW OFFICES OF DALE K. GALIPO

                      By_____ *s/Renee V. Masongsong*_____
                         Dale K. Galipo
                         Renee V. Masongsong
                         Attorneys for Plaintiffs

1

## **DEMAND FOR JURY TRIAL**

2
    Plaintiffs hereby demand a trial by jury.

3

4
DATED:  July 25, 2017       LAW OFFICES OF DALE K. GALIPO

5

6
           By_____*s/Renee V. Masongsong*_____

7
             Dale K. Galipo
             Renee V. Masongsong

8
             Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-23-